# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **CHARLOTTE WILKES** | * | **CIVIL ACTION NO. 04-2252** |
| **VERSUS** | * | **JUDGE JAMES** |
| **LOWES HOME CENTERS, INC.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss (Doc. # 5) filed by Defendant pursuant to F.R.C.P. Rule 12(b)(6), seeking dismissal of the state law claims filed by Plaintiff on the grounds of prescription or, in the alternative, partial dismissal for failure to state claims upon which relief can be granted. The motion is unopposed. For reasons stated below, it is recommended that the Motion to Dismiss be converted to a Motion for Summary Judgment and be **GRANTED.**

## STATEMENT OF FACTS

Plaintiff filed this action on November 3, 2004, seeking damages for age discrimination, workers' compensation retaliation, defamation, and breach of the duty of "good faith dealing" in the performance of a contract. According to the complaint, Plaintiff was unlawfully terminated on August 28, 2003 for an alleged violation of company policy. The complaint also refers to Plaintiff's effective date of termination as being November 28, 2003.

In the Motion to Dismiss, Defendant contends that Plaintiff's age discrimination, workers' compensation retaliation, defamation and breach of the duty of "good faith dealing" in the performance of a contract have all prescribed. Alternatively, Defendant asserts that the defamation and breach of the duty of "good faith dealing" in the performance of a contract should

1

be dismissed for failure to state claims upon which relief can be granted. Defendant also claims that the alleged effective date of termination referenced in the complaint is Plaintiff's attempt to save her claims from the effects of prescription. Defendant claims there is no basis for the November 28, 2003 effective termination date and attached a letter from Plaintiff's attorney as an exhibit to the Motion to Dismiss. The letter, dated November 17, 2003, was addressed to Mr. Robert L. Tillman, Chief Executive Officer of Lowes Home Centers, Inc., and sent by Plaintiff's attorney. The letter advised Defendant of Plaintiff's intent to file suit for age discrimination because Plaintiff was "unlawfully terminated on or about August 28, 2003." This letter was written eleven days prior to the alleged effective date of termination. Plaintiff's attorney makes no reference to the alleged effective date of termination in this letter.

## **LAW AND ANALYSIS**

If evidence outside the pleadings is presented to the court and used in deciding a 12(b)(6) motion, the motion is converted into a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). In the event of conversion, Rule 12(b) requires that all parties must be given reasonable opportunity to present all material pertinent to a motion for summary judgment. *Id.* Given that the exhibit presented and considered by the Court was filed with Defendant's Motion to Dismiss, Plaintiff has had ample time to oppose the exhibit and has failed to do so. Therefore, it is recommended that this Motion to Dismiss be converted to a Motion for Summary Judgment.

<u>Summary Judgment Standard</u>

Summary judgment is appropriate when the evidence before the Court shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* F.R.C.P. Rule 56(b). While the facts are to be reviewed with all inferences

drawn in favor of the non-moving party, factual controversies are resolved in favor of the non-movant only when there is an actual controversy. That is, when both parties have submitted evidence of contradictory facts. *McCallum Highlands, Limited v. Washington Capital DUS, Inc.*, 66 F.3d 89 (5th Cir. 1995). In this case, the plaintiff has failed to submit evidence of any facts contradictory to those submitted by the moving party. In the absence of an opposition to the motion, this Court must accept the evidence presented by the defendant and its statement of undisputed facts as true. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); ULLR 56.2E&W. Thus, for purposes of this motion, those facts are deemed admitted.

Age Discrimination

An age discrimination claim is a diversity claim based on Louisiana law. *U.S. ex rel. Mathews v. HealthSouth Corp.,* 332 F.3d 293, 295, (5th Cir. 2003). "Therefore, Louisiana law will determine the applicable statute of limitations and whether the limitations period has been tolled." *Id. citing Vaught v. Showa Denko K.K.,* 107 F.3d 1137, 1145-46 (5th Cir.1997). Delictual actions have a one year prescriptive period which commences on the day of injury or when damage is sustained. *See* La. Civ. Code art. 3492.

Plaintiff was terminated on August 28, 2003. Plaintiff filed this action on November 3, 2003. Therefore, Plaintiff's age discrimination claim has prescribed. Even assuming that the effective termination date of November 28, 2003 exists, the claim has still prescribed. "Prescription begins to run when the termination decision has been made and conveyed to the employee, even if the employment does not cease until a future date." *Eastin v. Entergy Corp.,* 865 So.2d 49, 54 (La.2004). Therefore, Plaintiff's age discrimination claim must be dismissed as time-barred.

Workers' Compensation Retaliation

Plaintiff's claim for unlawful retaliation under the Louisiana Workers' Compensation Act is also a delictual action and as such, is governed by a one-year prescription period beginning on the day of discharge. *See* La. Civ. Code art. 3492; *Maquar v. Transit Management of Southeast Louisiana, Inc.,* 593 So.2d 365,367 (La.1992). For the same reasoning as above, Plaintiff's claim for workers' compensation retaliation must also be dismissed as time-barred.

Defamation

Defamation suits for "injurious words" are governed by a one-year prescriptive period. *See* La. Civ. Code Art. 3492; *Fidelity & Deposit Co. of Maryland v. Smith*, 730 F.2d 1026, 1035 (5th Cir. 1984). As stated above, since suit was filed after the one-year prescriptive period, Plaintiff's defamation claim must also be dismissed as time-barred.

Alternatively, Plaintiff's defamation claim must be dismissed for failure to support the claim. Four elements are necessary to establish a defamation claim: (1) defamatory words, (2) publication to a third party, (3) fault, and (4) injury. *Costello v. Hardy,* 864 So.2d 129, 139 (La.2004). In her complaint, Plaintiff claims that "Defendant, through its agents and/or employees, made false statements that [Plaintiff] had been terminated under circumstances suggesting that she had been involved in theft from Defendant." Plaintiff did not identify the speaker or writer of the alleged defamatory words, the recipient of the defamatory words, or the date when the defamatory words were allegedly published. Plaintiff's defamation allegation is merely conclusory. Metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations are insufficient to survive summary judgment. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Accordingly, Plaintiff's defamation claim must be dismissed.

Breach of Duty of "Good Faith Dealing" in the Performance of a Contract

In her complaint, Plaintiff claims that Defendant violated "Louisiana law's obligation of good faith dealing in the performance of a contract." Plaintiff claims she had an implied employment contract with Defendant that was breached because she was terminated in bad faith without cause.

In the Motion to Dismiss, Defendant attempts to argue that Plaintiff's claim should be subject to a one-year prescriptive period as a negligence action. This argument is incorrect. Plaintiff is asserting that she has an employment contract with Defendant that was breached. The prescriptive period for a breach of contract claim in Louisiana is ten years. *See* La. Civ. Code art. 3499; *Terrebonne Parish School Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 886 (5th Cir. 2002). Therefore, Plaintiff's claim has not prescribed. However, Defendant's alternative argument that Plaintiff does not have a claim because she was an at-will employee is valid.

Defendant states that Plaintiff did not have an explicit contract of employment with Lowe's, and Plaintiff did not oppose this statement. In Louisiana, at-will employees may be discharged with or without cause. *See* La. Civ. Code art. 2747; *Baton Rouge Oil & Chemical Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 376 (5th Cir. 2002). Since Plaintiff was an at-will employee, her claim for breach of duty of good faith dealing in the performance of a contract lacks merit and must be dismissed.

**For the reasons stated above, it is therefore recommended that the Defendant's Motion be GRANTED and Plaintiff's case be dismissed in its entirety with prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any

objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of August, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE